**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>RENEE C. NARDO,<br><br>           Debtor<br><br>DAVID B. MADOFF, CHAPTER 7 TRUSTEE,<br><br>           Plaintiff<br><br>v.<br><br>ROBERT M. NARDO,<br><br>           Defendant | Chapter 7<br>Case No. 15-10583-FJB<br><br><br>Adversary Proceeding<br>No. 15-1091 |

**MEMORANDUM AND ORDER RE:**
[#21 in Adversary Proceeding No. 15-1091] – Robert Nardo's Motion for Summary Judgment
[#58 in Case No. 15-10583] – Trustee's Motion for Authority to Exercise Debtor's Rights under Realty Trust

**I.     Overview**

There are two related matters before the Court.  First, is a motion for summary judgment filed by the defendant, Robert Nardo ("Mr. Nardo") in adversary proceeding No. 15-1091.  Second, is a motion filed by David B. Madoff (the "Trustee"), the plaintiff in the adversary proceeding and the chapter 7 trustee in the case of the debtor, Renee Nardo ("Mrs. Nardo"), to exercise Mrs. Nardo's rights under a realty trust.  The Trustee's motion was filed in Mrs. Nardo's main bankruptcy case.  The Court held a hearing on the two motions on June 23, 2016.  For the reasons stated below, Mr. Nardo's motion for summary judgment is denied and the Trustee's motion for authority to exercise Mrs. Nardo's rights under the realty trust is allowed.  In light of this order, on or before July 13, 2016, the parties shall file a joint statement indicating whether they seek a rescheduled trial date in the adversary proceeding or some other proposed disposition.

II.     **Background**

The underlying material facts are undisputed. Mr. and Mrs. Nardo are husband and wife. They are presently going through a divorce and live separate and apart from each other. Mrs. Nardo is the sole trustee of R.N.R. Realty Trust (the "Trust"), which holds title to real property located at 43 Samoset Street, Plymouth, Massachusetts (the "Samoset Street Property"). At all material times, Mrs. Nardo is and has been a ninety-nine percent (99%) beneficiary of the Trust, and Mr. Nardo is and has been a one percent (1%) beneficiary of the Trust. Among the powers and duties of the trustee to the Trust to be exercised at the direction of the beneficiaries holding the majority of the beneficial interest of the Trust is the power to "buy, sell, lease, manage, convey, assign, mortgage or otherwise dispose of all or part of the Trust property." Mr. Nardo resides at the Samoset Street Property. Mrs. Nardo resides at a separate property located on Peck Avenue in Plymouth Massachusetts (the "Peck Avenue Property").

On June 27, 2014, Mrs. Nardo as trustee of the Trust, recorded a declaration of homestead in the Samoset Street Property naming Mr. Nardo as the person benefitted thereby.

On November 25, 2014, Mr. Nardo filed a petition for relief under chapter 7 of the Bankruptcy Code, and the Trustee was appointed as the chapter 7 trustee in Mr. Nardo's bankruptcy case. On his Schedule A, Mr. Nardo listed, among other properties, "43 Samoset Street Plymouth, MA owned by Renee Nardo, Trustee of RNR Trust purchased on July 26, 2001. Mr. Nardo is a 1% beneficiary." On his Schedules A and D, Mr. Nardo listed the Samoset Street Property as having a fair market value of $281,200 and as being encumbered by a first mortgage in the amount of $92,208.71. On his Schedule C, Mr. Nardo claimed a homestead exemption, pursuant to MASS. GEN. LAWS ch. 188, § 1, in the amount of $500,000 in "43 Samoset Street Plymouth MA owned by Renee Nardo, Trustee of RNR Trust purchased on July 26, 2001. Mr. Nardo is a 1% beneficiary." The Trustee did not object to Mr. Nardo's claim of homestead exemption in his interest in the Samoset Street Property. On January 23, 2015, the Trustee issued a Report of No Distribution in Mr. Nardo's case. Mr. Nardo's discharge entered on March 3, 2015, and his case was closed on March 9, 2015.

2

On February 23, 2015, Mrs. Nardo filed a separate chapter 7 petition, commencing the present bankruptcy case. The Trustee was appointed as the chapter 7 trustee in Mrs. Nardo's case as well. On her Schedule A, Mrs. Nardo listed the Samoset Street Property. On her Schedules A and D, Mrs. Nardo listed the Samoset Street Property as having a fair market value of $281,200 and as being encumbered by a first mortgage in the amount of $92,208.71. On her Schedule C, Mrs. Nardo claimed a $500,000 homestead exemption, pursuant to MASS. GEN. LAWS ch. 188, § 1, in the Peck Avenue Property. Mrs. Nardo also claimed a second $500,000 homestead exemption, pursuant to MASS. GEN. LAWS ch. 188, § 1, in the Samoset Street Property. On May 14, 2015, the Trustee filed an objection to Mrs. Nardo's claimed $500,000 exemption in the Samoset Street Property, which objection the Court sustained.

On May 21, 2015, the Trustee commenced the adversary proceeding against Mr. Nardo seeking (1) avoidance and recovery of an alleged fraudulent transfer of the 1% beneficial interest in the Trust that owns the Samoset Property from Mrs. Nardo to Mr. Nardo, (2) turnover of certain postpetition rents generated by a separate property owned by Mrs. Nardo located on Ashley Street in New Bedford (the "Ashley Street Property"), and (3) authorization for the Trustee to sell both the interests of Mr. and Mrs. Nardo in the Samoset Street Property and the Ashley Street Property pursuant to 11 U.S.C. § 363(h). In his answer to the complaint, Mr. Nardo stated that the Trustee has no ability to sell the Samoset Street Property due to Mr. Nardo's valid homestead exemption.

On May 25, 2016, the Trustee filed the present motion in Mrs. Nardo's main bankruptcy case to exercise Mrs. Nardo's rights as the sole trustee and 99% beneficial interest holder of the Trust to sell the Samoset Property and to distribute the net proceeds from the sale pursuant to the terms of the Trust. Mrs. Nardo opposes this motion on the sole basis that the Trustee may not sell the Samoset Street Property because the entire equity in the Samoset Street Property is protected by Mr. Nardo's homestead exemption.

On June 14, 2016, Mr. Nardo filed the present motion for summary judgment in the adversary proceeding on the issue of the validity of Mr. Nardo's homestead exemption in the Samoset Street Property.

3

By his motion, Mr. Nardo seeks a determination that, based on the undisputed material facts, Mr. Nardo's homestead exemption covers the entire equity of the Samoset Property. The Trustee opposes this motion.

### III. Discussion

The Nardos assert two arguments for their theory that Mr. Nardo's homestead exemption protects any equity in the Samoset Street Property up to $500,000. First, they argue that an exemption claimed under MASS. GEN. LAWS ch. 188, § 1 protects up to $500,000 in equity even if the claimant's interest in that equity is significantly less than $500,000. Second, the Nardos argue that under the Supreme Court case of *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S. Ct. 1644, 118 L. Ed. 2d 280 (1992), because no party objected to Mr. Nardo's claim of exemption in his own bankruptcy case, his exemption is valid up to the full $500,000 claimed amount.

As to the first argument, the Nardos' reading of MASS. GEN. LAWS ch. 188, § 1 is wrong. MASS. GEN. LAWS ch. 188, § 1 provides, in part, that "if a home is owned by [. . .] trust beneficiaries, the declared homestead exemption for each [ . . ] trust beneficiary who benefits by an estate of homestead declared pursuant to said section 3 shall be the product of: (i) $500,000; and (ii) the [. . .] trust beneficiary's percentage ownership interest." MASS. GEN. LAWS ch. 188, § 1. As Mr. Nardo is a 1% beneficiary of the Trust that owns the Samoset Street Property, he is entitled to a $5,000 exemption under the Massachusetts homestead statute.

As noted above, the Nardos also argue that under the *Taylor* case, Mr. Nardo is entitled to exempt up to $500,000 of equity in the Samoset Street Property because he listed $500,000 as the exemption amount on his Schedule C and no one objected. In *Taylor*, the Supreme Court held that a chapter 7 trustee could not contest the validity of a claimed exemption after the objection deadline expired even though the amount of the claimed exemption in that case exceeded the amounts allowed under either state or federal exemption statutes. Applying *Taylor*, the Nardos may be correct that because no party objected to Mr. Nardo's claim of exemption in his own bankruptcy case, Mr. Nardo may be entitled to exempt up to $500,000 *in his interest* in the Samoset Street Property even if that exemption exceeds the $5,000 state statutory limit noted above.

4

However, this does not entitle Mr. Nardo to exempt value in the Samoset Street Property that exceeds his 1% beneficial interest. In *Taylor*, there was no dispute that the debtor owned the property she sought to exempt. Here, Mr. Nardo is seeking to exempt the full value of the Samoset Street Property of which he is admittedly no more than a 1% owner. Even if *Taylor* allows a debtor to claim exemptions in his property in amounts that exceed the statutory limits, it does not allow a debtor to exempt property that he does not own.

Under the Massachusetts homestead statute, Mr. Nardo is entitled to a $5,000 exemption. Under *Taylor*, Mr. Nardo may be able to exempt value above $5,000, but he may not exempt more than the value of his actual interest in the Samoset Street Property. *Taylor* says nothing to the contrary. Accordingly, the Nardos' arguments that the Trustee cannot sell the Samoset Street Property, either under § 363(h) or by exercising Mrs. Nardo's powers under the Trust, because the equity in the Samoset Street Property is fully protected by Mr. Nardo's homestead exemption is without merit.

The Nardos assert no further arguments in support of Mr. Nardo's motion for summary judgment. Under the undisputed facts, Mr. Nardo is not entitled to judgment as a matter of law on the sole issue on which he has sought summary judgment: whether the Trustee is prohibited from selling the Samoset Street Property because any equity up to $500,000 is protected by Mr. Nardo's valid homestead exemption. Mr. Nardo's homestead exemption in his 1% interest in the Samoset Property is not a bar to this Court authorizing the Trustee to sell the Property under 11 U.S.C. § 363(h). However, the Court makes no finding at this time as to whether the Trustee has satisfied the necessary factors of § 363(h) because this question was not the subject of the present motion for summary judgment.

As to the Trustee's motion for authority to exercise Mrs. Nardo's rights under the Trust, the Nardos assert no basis for opposition other than the arguments the Court has already found to be without merit. Under the undisputed facts, Mrs. Nardo is both the trustee and the 99% beneficial owner of the Trust. Under the terms of the Trust, Mrs. Nardo has the authority to sell or otherwise dispose of the Trust property which includes the Samoset Street Property. Mrs. Nardo's 99% beneficial interest in the Trust and her rights under

the Trust, including her ability to sell Trust property, are both property of the bankruptcy estate over which the Trustee may exercise control. See *In re Peirce*, 483 B.R. 368 (Bankr. D. Mass 2012) (finding that debtor's power to amend a trust is a property interest that came into the estate upon the commencement of the case and may be exercised by the chapter 7 trustee); *In re Marrama*, 316 B.R. 418, 423 (B.A.P. 1st Cir. 2004) (holding that trust property was property of the estate where the debtor was a beneficiary of and could exert control over a trust). Accordingly, the Trustee is authorized to exercise Mrs. Nardo's rights under the Trust.

IV.     **Conclusion and Order**

For the above reasons, Mr. Nardo's motion for summary judgment in Adversary Proceeding No. 15-1091 is denied and the Trustee's motion in Mrs. Nardo's main bankruptcy case for an order authorizing the Trustee to exercise Mrs. Nardo's rights under the Trust is allowed. In light of this order, it is unclear whether the Trustee may wish to proceed with the adversary proceeding against Mr. Nardo. On or before July 13, 2016, the parties shall file a joint statement indicating whether they seek a rescheduled trial date in the adversary proceeding or some other proposed disposition.

Date: June 29, 2016                                 _____
                                                    Frank J. Bailey
                                                    United States Bankruptcy Judge

6